UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT JAMES MCCABE and<br>GERARD FRANCIS BOYLE,<br><br>Defendants. | Criminal No. 2:19cr171 |

### ORDER

The parties have presented their respective positions regarding severance and the scheduling of separate trials in this case. *See* ECF Nos . 55–57, 59–61, 66. For the following reasons, it is **ORDERED** that Defendant James McCabe will be tried first on all counts against him (Counts 1 through 11), and that Defendant Gerard Boyle will be tried separately and subsequently on the counts against him (Counts 2, 5, 6, 7, and 9).

### I.   BACKGROUND

On February 3, 2020, Mr. Boyle filed a Motion to Sever, arguing that the counts against him (Counts 2, 5, 6, 7, and 9) had been joined improperly by the Government to the charges against Co-Defendant McCabe, which involve a separate bribery scheme (Counts 1, 3, 4, and 8). Mot. to Sever, ECF No. 46. The Government opposed Mr. Boyle's Motion to Sever. Resp. in Opp. at 47–55, ECF No. 49. Mr. McCabe did not file a response to Mr. Boyle's Motion to Sever.

On February 19, 2020, the Court granted Mr. Boyle's Motion to Sever, finding that Counts 1, 3, 4, and 8 had been joined to him improperly under Federal Rule of Criminal Procedure 8(b) because they were not part of the same act or transaction or in the same series of acts or transactions. Order at 41–47, ECF No. 54. The Court ordered the parties to file a joint status

1

report "advising the Court how the counts should be severed. That is, the parties [were required to] advise the Court whether Defendant McCabe and Defendant Boyle ought to be tried together on Counts 2, 5, 6, 7, and 9 and Defendant McCabe tried alone on Counts 1, 3, 4, 8, 10 and 11, or whether Defendant McCabe and Defendant Boyle should be tried separately on all counts." *Id.* at 47.

The Government and Mr. Boyle filed a Joint Status Report agreeing that Mr. McCabe and Mr. Boyle should be tried separately on all counts, and that Mr. McCabe should be tried first. Joint Status Report, ECF No. 55.

Mr. McCabe filed a separate "Position on Severance." Pos. on Severance, ECF No. 56. He argues that he and Mr. Boyle should be tried together and first on Counts 2, 5, 6, 7, and 9, and that he should be tried separately and subsequently on Counts 1, 3, 4, 8, 10 and 11. *Id.* If Defendants are to be tried separately, Mr. McCabe asserts that Mr. Boyle should be tried first. *Id.*

## II. LEGAL STANDARDS & ANALYSIS

Mr. McCabe argues that he and Mr. Boyle should be tried first and together on Counts 2, 5, 6, 7, and 9 because it would be a "remarkable waste of court resources to have two trials [on these counts] that are essentially carbon copies of each other." Pos. on Severance at 1, ECF No. 56. He also argues that a joint trial on these counts is necessary because Mr. Boyle's anticipated "testimony is critical to Mr. McCabe's defense and if Mr. McCabe is tried first without Mr. Boyle, that crucial testimony [will be] unavailable to Mr. McCabe." *Id.* at 1–3. Mr. McCabe asserts that denying him access to this testimony would be a violation of his due process rights. *Id.*

In making this argument, Mr. McCabe relies on *United States v. Parodi*, 703 F.2d 768 (4th Cir. 1983), asserting that it establishes the factors that "a court must examine when determining whether to sever the trials of codefendants." Pos. on Severance at 2, ECF No. 56.

As an initial matter, there is no case law that establishes a defendant's right to a joint trial. *United States v. Marchant*, 25 U.S. 480, 481 (1827) (affirming the longstanding rule that "the Court ha[s] the power, against the will of the [defendants], to sever the [case], and to try them severally"); *see also Stevenson v. Newsome*¸ 774 F.2d 1558, 1561 (11th Cir. 1985) ("There is no constitutional right . . . to a joint trial."); *Miller v. United States*, 277 F. 721, 726 (4th Cir. 1921) (acknowledging that "each of two persons charged with conspiracy may be tried separately" even if it means that one might be acquitted and the other convicted).

Additionally, Mr. Boyle and the Government concur that Mr. McCabe's reliance on *Parodi* is misplaced. In *Parodi,* the United States Court of Appeals for the Fourth Circuit addressed whether and under what circumstances a defendant is entitled to *severance* on the grounds that it will make a co-defendant's testimony available to him. 703 F.2d at 778. It was the appellant's argument that he needed the testimony of his co-defendants for his defense, and that one of his co-defendants was more likely to testify in appellant's defense if their trials were severed and the co-defendant was tried before appellant. *Id.*

The Fourth Circuit ruled that where defendants are properly joined in an indictment, and "the motion for severance is based . . . on the asserted need for a co-defendant's testimony, the moving defendant must establish (1) a bona fide need for the testimony of his co-defendant, (2) the likelihood that the co-defendant would testify at a second trial and waive his Fifth Amendment privilege, (3) the substance of his co-defendant's testimony, and (4) the exculpatory nature and

3

effect of such testimony." *Id.* at 779. Because *Parodi* addressed whether a defendant is entitled to severance, not a joint trial, and because there is no right to a joint trial, *Parodi* is inapposite.

However, even if the *Parodi* rule were applicable, Mr. McCabe would not be entitled to a joint trial. He has not established a likelihood that Defendant Boyle will testify. To satisfy this requirement "the movant is not required to establish such willingness to an absolute certainty; a reasonable probability. . . [is] sufficient." *Id.* (quotations and alterations omitted). Mr. McCabe has not shown that it is reasonably probable that Mr. Boyle will testify at trial. Mr. McCabe's assertion that Mr. Boyle might testify is speculative. Mr. Boyle's strong objections to Mr. McCabe's request for a joint trial suggests that he is unlikely to waive his Fifth Amendment privilege and testify in Mr. McCabe's defense. The Fourth Circuit has declined to make decisions regarding severance and the scheduling of trials based upon grounds that a co-defendant "witness would be more inclined to 'throw a bone' to his codefendants by testifying favorably to them because his own case had been disposed of and he had little to lose by testifying." *United States v. Becker*, 585 F.2d 703, 706 (4th Cir. 1978). This Court agrees.

The interests of efficiency favor trying Mr. McCabe first on all charges. He is charged with offenses related to two bribery schemes. These schemes overlapped in time and his involvement in each scheme was similar: he is alleged to have solicited and accepted bribes from a contractor providing services to the Norfolk City Jail. Based on the Indictment, Mr. McCabe is the primary defendant.

Count 10 charges Mr. McCabe with a continuous course of activity covering both bribery schemes, and he should be tried simultaneously on the charges relating to both schemes. Furthermore, because of the existence of Count 10, there will be a duplicative presentation of evidence at both trials regardless of how they are scheduled. Therefore, Mr. McCabe's assertion

that trying the Defendants together on Counts 2, 5, 6, 7, and 9 would avoid the need for the Government to duplicate some efforts is rejected.

### III. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Mr. McCabe shall be tried first on all counts against him (Counts 1 through 11). After which, Mr. Boyle shall be tried separately on the counts against him (Counts 2, 5, 6, 7, and 9).

Pursuant to 18 U.S.C. § 3161(h)(7)(A), this Court finds that the ends of justice are served by the continuance of Mr. Boyle's separate trial, and that the ends of justice served by this continuance outweigh the interests of the public and Mr. Boyle in a speedy trial. The Court has found severance to be necessary under the Federal Rules of Criminal Procedure. It would be impossible to continue the proceedings and to ensure continuity of counsel for the Government without such a continuance.

The Clerk is **REQUESTED** to forward a copy of this Order to counsel of both Defendants and to the Assistant United States Attorney. Counsel shall confer and contact the Courtroom Deputy within fourteen days of the date of this Order to reschedule both trials in light of the Court's April 14, 2020 Order (ECF No. 65) continuing both trials as a result of the COVID-19 pandemic, and also in consideration of this Order continuing Mr. Boyle's trial until after Mr. McCabe's trial. Mr. Boyle's trial shall be scheduled as soon as practicable following Mr. McCabe's trial.

**IT IS SO ORDERED.**

/s/ Arenda L. Wright Allen
Arenda L. Wright Allen
United States District Judge

April 16, 2020
Norfolk, Virginia