UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>ROBERT JAMES MCCABE and<br>GERARD FRANCIS BOYLE,<br><br>Defendants. | Criminal No. 2:19cr171 |

## ORDER

Before the Court is Defendant McCabe's Motion to Continue Trial. ECF No. 72. For the following reasons, Defendant's Motion (ECF No. 72) is **GRANTED**. The trial dates for both Defendant McCabe and Defendant Boyle are **STRICKEN**.

**I. BACKGROUND**

Defendant McCabe's trial is scheduled currently for February 23, 2021. Defendant Boyle's trial is scheduled currently for March 30, 2021. The Court found previously that it is in the interests of justice to try the Defendants separately on all counts, and to try Defendant McCabe before Defendant Boyle. *See* Order, ECF No. 67.

Defendant McCabe now seeks a continuance of his trial. Mot. to Continue, ECF No. 72. Counsel for Defendant McCabe also represents a defendant in 2:17cr126, which has been joined with 2:19cr47. *Id.* at 1. The trial in that case was scheduled previously for December 1, 2020. *Id.* at 2. As a result of General Order 2020-22, that trial has been re-set for January 26, 2021. *Id.* It is expected to last six weeks and precludes counsel from preparing for or appearing at Defendant McCabe's trial. *Id.*

1

Defense counsel has been representing Defendant McCabe for several years in this matter, including the pre-indictment investigation of the case. *Id.* at 2. He has reviewed thousands of documents, interviewed numerous witnesses, and filed several important motions. *Id.* Defense counsel requests a continuance so that Defendant McCabe can have continuity of his chosen counsel. *Id.*

Defendant Boyle takes no position on the Motion but requests that if the Motion is granted, his trial also be continued so that Defendant McCabe will still be tried first. Letter, ECF No. 73.

The Government does not oppose the Motion and joins Defendant Boyle's request regarding scheduling. Gov't Resp. at 3–4, ECF No. 74. The Government seeks trial dates "as soon as it is safe and feasible to do so." *Id.* at 3.

## II.  LEGAL STANDARD

"[D]istrict courts have broad discretion in determining whether to grant or deny a request for a continuance." *United States v. Johnson*, 683 F. App'x 241, 251 (4th Cir. 2017); *see also United States v. Lawrence*, 161 F.3d 250, 254 (4th Cir. 1998) ("A district court is entitled to broad discretion with respect to a decision to deny a continuance."). A district court abuses its discretion with "unreason[able] and arbitrary insistence on expeditiousness in the face of a justifiable request for delay." *United States v. Bakker*, 925 F.2d 728, 735 (4th Cir. 1991) (quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983)).

When deciding a motion for a continuance, the Court must bear in mind the rights of the defendant and the public under the Speedy Trial Act. 18 U.S.C. § 3161.

If exercising its discretion to grant a continuance, the Court must specifically find that the ends of justice to be served by a continuance of the trial date "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). "In doing so, the [Court] must consider: whether failure to grant the motion would result in a miscarriage of justice; whether the case is unusual or complex; and whether the failure to grant such a continuance would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *United States v. Ellis*, 781 F. App'x 271, 272 (4th Cir. 2018) (citing 18 U.S.C. § 3161(h)(7)(B)(i)–(iv)).

### III. ANALYSIS

Denying Defendant McCabe's Motion to Continue would deny him continuity of counsel. Defense counsel has been representing Defendant McCabe in this matter since it was in its nascent investigative stages. New counsel at this stage would never obtain the same robust knowledge of the case and its history as current defense counsel. The Sixth Amendment to the United States Constitution guarantees "the right of [the] accused . . . to be represented by an attorney of his own choosing." *United States v. Inman*, 483 F.2d 738, 739–40 (4th Cir. 1973). Accordingly, the Court finds that the ends of justice to be served by a continuance of Defendant McCabe's trial date "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

As the Court found previously, the ends of justice are also served by scheduling Defendant McCabe's trial before Defendant Boyle's trial. *See* Order at 4, ECF No. 68. Those findings are incorporated herein. Defendant Boyle requests that his trial also be continued if Defendant McCabe's Motion is granted. Letter, ECF No. 73. The Government makes the same request. Gov't Resp., ECF No. 74. The Court finds that the ends of justice that are served by a continuance of Defendant Boyle's trial date "outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).

## IV. CONCLUSION

For the foregoing reasons, Defendant McCabe's Motion to Continue (ECF No. 72) is **GRANTED**. The trial dates for Defendant McCabe and for Defendant Boyle are **STRICKEN**. Counsel shall confer and contact the Courtroom Deputy within ten days of the date of this Order to reschedule the trial dates. The trials shall be scheduled as soon as practicable. Defendant Boyle's trial shall be scheduled as soon as practicable following Defendant McCabe's trial.

**IT IS SO ORDERED.**

/s/
Arenda L. Wright Allen
United States District Judge

December 16, 2020
Norfolk, Virginia